***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Decision and Order. The Full Commission further remands this matter to a Deputy Commissioner for additional evidence, specifically for Plaintiff to re-submit the Forty-Eight (48) pages referenced in the hearing transcript for a review by the Deputy Commissioner to make an award of damages.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDOC"). Plaintiff has alleged that one or more of Defendant's employees at Scotland Correctional Institution were negligent in not safeguarding various items of personal property belonging to him. The property was allegedly lost on September 15, 2008.
2. On September 15, 2008, Plaintiff was moved from his then-assigned cell to a new prison cell. After Plaintiff had vacated his prior assigned cell, correctional staff had to use that cell to house an inmate who had been transferred to that unit. At this time, Sergeant O'Neal discovered some state-issued property items, including books, loose papers, as well as two magazines. Plaintiff testified that the prior assigned cell contained the following items:
 personal property that I have accumulated over the past five years consisted of family photos, personal letters, obituaries, drawings, poems, books, (unintelligible) books, magazines, court proceedings, also religious materials, tennis shoes, and other similar items.
3. According to Sergeant O'Neal, these items were subject to immediate confiscation and disposal pursuant to prison policy and procedure. After discovering the property, Sergeant O'Neal placed the items in a plastic bag outside of the cell where the new inmate was being placed.
4. Plaintiff alleges negligence on the part of Sergeant O'Neal, Officer Cromarte, Officer Jones and Officer Bocat. Plaintiff further alleges that because he was not present when the property was taken, he was unable to complete a DC-160 inventory form.
5. Plaintiff alleges that he suffered compensatory damages in the amount of $1,848.50. *Page 3 
6. Plaintiff testified that after Sergeant O'Neal was made aware that the plastic bag containing Plaintiff's personal property had been removed from outside the prior assigned cell by maintenance/recycle personnel, Sergeant O'Neal attempted to retrieve the bag. However, when Sergeant O'Neal reached the recycling area, the bag containing Plaintiff's personal property that had been left in Plaintiff's prior assigned cell had been placed into the compactor, and was therefore, not retrievable.
7. The Full Commission finds that Plaintiff has proven, by a preponderance of the evidence, that the manner in which Defendant, by and through its employees, handled the personal property that had been left behind in Plaintiff's prior assigned cell was negligent.
8. The Full Commission further finds that there is insufficient evidence to establish the damages caused to Plaintiff by the negligently lost personal property. The matter must be remanded for a Deputy Commissioner to gather additional evidence to determine Plaintiff's damages.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. The Full Commission finds that Plaintiff has met his requisite burden of proving that one or more employees of Defendant breached a duty of reasonable care owed to him relating to the personal property left in his prior assigned cell on September 15, 2008. The Full Commission further finds that the proper action is to remand this matter to a Deputy Commissioner for the taking of additional evidence as to the Plaintiff's damages, if any, resulting from his lost personal property.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. This matter is hereby REMANDED to Chief Deputy Commissioner Wanda B. Taylor for assignment to a Deputy Commissioner for the taking of additional evidence, with further hearing, if necessary, and the entry of an Decision and Order with findings regarding the compensatory damages that the Plaintiff is entitled to recover.
2. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the __ day of March 2011.
 S/___________________ *Page 5 
PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1